UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARRELL HARDIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:25-cv-00138-SNLJ ) |
| UNKNOWN LANG, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Darrell Hardin brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. The matter is now before the Court upon his application to proceed without prepayment of the required filing fees and costs, ECF No. 2, and his motion to appoint counsel, ECF No. 3. Having reviewed the application and the financial information submitted in support, the Court will grant the application and assess an initial partial filing fee of $23.72. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will order Plaintiff to file an amended complaint. The motion to appoint counsel will be denied.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff is a prisoner at Southeast Correctional Center (SECC) in Charleston, Missouri. ECF No. 1. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $10, and an average monthly balance of $118.60 over the six-month period prior to case initiation. ECF No. 4. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $23.72, which is twenty percent of Plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On August 28, 2025, Plaintiff filed the instant action against eight corrections officers at SECC. ECF No. 1. Plaintiff brings this case against Defendants Lang and Fulcher in their official and individual capacities. *Id*. at 2-3. He does not identify capacity for the other defendants. Plaintiff states that on November 30, 2024, he "declared protective custody" from his cell mate and was "placed on the bench for 2 hours." *Id.* at 5. He alleges that Defendants Lang and Fulcher "placed the cuffs on too tight." *Id.* He reportedly told Defendants Harden and Walls that his cuffs were too tight. *Id*. Defendant Woolridge moved Plaintiff into a "dry cell without a toilet or any

3

kind of water." *Id*. Plaintiff identifies Defendant Hancock as the shift commander. *Id*. He complains several defendants did not start a chronological log, and that he was brought to a cell where "the guy refused to let me in." *Id*.

The only injuries Plaintiff describes are "deep cuff marks on my wrist." *Id*. at 6. For relief, Plaintiff requests $1 million in damages "for cuts on my wrist and mental anguish. *Id*. at 7. He also requests that all staff members involved be suspended and demoted. *Id*.

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court concludes that his claims are subject to dismissal. However, in consideration of Plaintiff's self-represented status, the Court will allow him to file an amended complaint.

Here, Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face. The claim as presented by Plaintiff is incomplete and confusing. Plaintiff states he was placed "on the bench for 2 hours." ECF No. 1 at 5. He does not explain what the bench is, or who put him on the bench. He complains that Defendant Woolridge put him in a dry cell. He does not state how long he was in the dry cell or why he was put there. Importantly, he also fails to state any injury from being in the dry cell. An action pursuant to § 1983 is a tort claim, and a plaintiff must suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff complains that Defendants Lang and Fulcher placed handcuffs on too tight, but he does not state how long he was in the handcuffs, why he was in the handcuffs, nor does he allege any injury other than cuff marks. "Handcuffing inevitably involves some use of force, and it almost inevitably will result in some irritation, minor injury, or discomfort where the handcuffs are applied. To prove that the force applied was excessive in that context, therefore, a plaintiff

4

must demonstrate something more." *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011) (citations omitted). Therefore, Plaintiff having cuff marks is not sufficient to show excessive force was applied.

The only allegation against Defendants Harden and Walls is that Plaintiff reported to them that his handcuffs were too tight. He does not state any action or inaction by either Harden or Walls. He does not state what, if any, injury resulted from their actions or inactions.

The only allegation against Defendant Hancock is that he was the acting shift commander. Government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior. *Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018). In other words, simply being the shift commander does not make Defendant Hancock liable under § 1983.

Plaintiff has failed to plead sufficient facts to state a claim against any of the six defendants. Because Plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. He must follow the instructions set forth below when amending his complaint.

## Instructions for Amending the Complaint

Plaintiff must type or neatly print the amended complaint on the Court's Civil Rights Complaint Form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff will not be allowed to supplement his complaint by interlineation or supplementation. The Court expects all of Plaintiff's claims to be within his amended complaint.

In so doing, Plaintiff must select the transaction or occurrence he wishes to pursue and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related

5

to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

Plaintiff must prepare the amended complaint using the Court-provided form and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the form complaint, Plaintiff must write the name of the defendant(s) he wishes to sue. **It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him.** *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the

6

original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted currently. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that Plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

7

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed without prepayment of the required filing fees and costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $23.72 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 5th day of December, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE